**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Harold HARRINGTON,**
**Defendant–Appellant.**

**No. 03–20523.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 27, 2005.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Aurora Ruth Bearse, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

The Supreme Court has vacated our previous judgment and remanded the case for further consideration in light of *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In the appellant's brief he did claim that the sentence above the guideline range would be forbidden by the Supreme Court when it decided *Blakely v. Washington,* because his waiver should be treated as allowing appeal if the guideline range was exceeded.

We reject the argument that the waiver allowed an appeal of a sentence below the statutory maximum because it exceeded the guideline range. The plea agreement expressly named the statutory maximum as what he accepted.

Having bound himself to the sentence without appeal, we would hold no plain error if we were to accord Harrington jurisdiction to appeal. However, we see

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the appeal as we did before: barred by the waiver.

APPEAL DISMISSED.